# 광주지방법원

# 회　　신　　서

법원행정처장 귀하

공조번호 : **2010-D-22**
사건번호 : **2010 러　3**
촉탁국가 : 미국

　　　　이 법원이 촉탁 받은 송달서류는 덧붙임 증명서와 같이 송달이 이루어졌으므로, 그 결과를 회신합니다.

덧붙임 : **1.** 증명서(Certificate)
　　　　　**2.** 우편송달통지서 등 송달증명 관련서류.　끝.

2010.　2.　22.

# 광주지방법원장

# CERTIFICATE

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention.

1) that the document has been served*

- the (date) _____

- at (place, street, number) _____광주 광산구 소촌동 555_____

- in one of the following methods authorised by article 5 :

√ a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*

 b) ----------------------------------------* : (삭제)

 _____

 c) ----------------------------------------* (삭제)

## ※특정방식(b)이나 임의송달방식(c)으로 송달한 경우는 위 b), c)를 삭제하지 말 것.

The documents referred to in the request have been delivered to :

- (identity and description of person)

 _____이 샛 별_____

- relationship to the addressee (family, business or other) :

 _____사원_____

2) ----------------------------------------* : (삭제)

 _____

 _____

 _____

In ----------------------------------------------------------------------
----------------------------------------*. (삭제) ※비용청구를 하는 경우는 삭제하지 말 것.

*Annexes*
Documents returned : 2010. 2. 8. 송달.

_____

In appropriate cases, documents establishing the service :

 _____우편송달통지서_____

 _____

Done at _____광주지방법원_____

the _____2010. 2. 22._____

Signature and/or stamp

광주지방법원 민사...
법원주사 주 석 ...

* Delete if inappropriate.

2010러3

우편송달통지서

발송일:2010.2.5. 요금:3,020원

## 민사신청과 46단독

0.송달서류  소환장,고소장,안내서

**광주지방법원 (우:501-703)**
0.발송하는 사람   법원주사 주석규
0.송달받을 사람   506-040
　　　　　　　　광주 광산구 소촌동
　　　　　555

　　　　피신청인1

　　　　금호타이어 주식회사

| 배달 못한 사유 | | | |
|---|---|---|---|
| 구분/회수 | 1회 | 2회 | 3회 |
| 1. 수취인부재 | | | |
| 2. 폐문 부재 | | | |
| 3. 수취인불명 | | | |
| 4. 주소 불명 | | | |
| 5. 이사 불명 | | | |
| 6. 기　타 | | | |
| 7. 잘못된송달 | | | |
| 배 달 날 짜 | | | |
| 집배원 확인 | 주강규 　(인) | | |
| 사유 기재 | | | |

| 송　　달　　방　　법 | | 영　　수　　인 | | |
|---|---|---|---|---|
| | | 이　름 | 관　　계 | 서명 또는 날인 |
| 1 | 본인에게 주었다. | | | |
| 2 | 본인을 만나지 못하여 ① 내지 ③ 사람에게 주었다. | ① 본인 영업소,사무소의 사무원 또는 피용자 | 이샛별 | 서무계원 | 이 샛별 |
| | | ② 본인주소,거소의 동거인 | | | |
| | | ③ 본인 근무장소의 사용자, 종업원등 | | | |
| 3 | ① 내지 ③ 사람이 수령을 거부하므로 그 장소에 서류를 두었다. | ① 송달받을 본인 | | | |
| | | ② 본인 영업소,사무소의 사무원 또는 피용자 | | | |
| | | ③ 본인주소,거소의 동거인 | | | |
| 송 달 한 날 짜 | | 2010 년   2 월   8 일   10:33 | | | |
| 송　달　장　소 | | 광주 광산구 소촌동 555 | | | |
| 접　수　인　란 | | 위와 같이 송달하였습니다. 　　2010러3<br>2010 년　　2 월　　8 일　**민사신청과**<br>광주광산 우체국　**46단독**<br>우편집배원　　　주강규　　(인) 7001511 | | | |

주의: 1. 송달방법 중 해당하는 항목(송달방법 [3]의 경우에는 수령을 거부한 사람)의
　　　　 영수인란에 이름 및 관계를 적기 바랍니다.(송달방법 [2] ③ 란은 송달받을 사람의
　　　　 근무장소에서 송달서류를 전달한 경우에 한하여 그 내용을 적기 바랍니다).
　　　 2. 송달받은 사람으로 하여금 영수인란에 직접 서명 또는 날인하게 하기
　　　　 바랍니다. 집배원이 대필한 경우에는 "대필"이라고 적어야 합니다. 송달방법 [3]의
　　　　 경우에는 모두 집배원이 서명 또는 날인하기 바랍니다.
　　　 3. [송달장소]란에는 시.군.읍.면.동.번지 등을 상세하게 명확히 기입하기 바랍니다.
　　　　 다만, 우체국 창구에서 교부한 때에는 "○○우체국 창구"라고만 적기 바랍니다.
　　　 4. 우측 상단의 [배달못한 사유] 중 [6. 기타]란에는 1 내지 5의 송달불능사유 어디에도
　　　　 해당되지 아니하는 경우에 표시하고, [사유기재란]에는 위와 같은 사유 및
　　　　 우편집배원이 배달하는 과정에서 알게 된 특이사항(예 : 송달받을 사람의 장기여행,
　　　　 군 입대, 교도소 수감 등)을 간략히 적기 바랍니다.

Index No.: 2009-1667

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
*D'UN ACTE JUDICIARE OU EXTRAJUDICIAIRE*

Convention on the service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciares en matière civile*
*ou commerciale, signée à La Haye, le 15 Novembre 1965.*

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| *Identité et adresse du requérant* | *Adresse de l'autorité destinataire* |
| Karina Shreefer, Esq. | HAGUE CENTRAL AUTHORITY FOR THE REPUBLIC |
| LEGAL LANGUAGE SERVICES | OF KOREA |
| 8014 State Line Road, Suite 110 | Ministry of Court Administration |
| Leawood, Kansas 66208 | Attn.: Director of International Affairs |
| UNITED STATES OF AMERICA | 967, Seocho-dong, Seocho-gu, Room 503 |
| Tel. 1.913.341.3167 | Seoul 137-750 |
| | REPUBLIC OF KOREA |

The undersigned applicant has the honour to transmit -in duplicate- the document listed below and, in conformity with article 5 of the
above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
(identity and address)

*Le requérant soussigné a l'honneur de faire parvenir-en double exemplaire-à l'autorité destinataire les documents ci-dessous énumérés,*
*en le priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

*(identité et adresse)*   KUMHO TIRE CO., LTD.

555, Sochon-Dong Gwangsan-Gu, Kwangju 506-040

REPUBLIC OF KOREA

[X]   (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*      Service in accordance with
*(a) selon les formes légales (article 5, alinéa premier, lettre a).*      Korean law for service of documents in its territory.

[ ]   ~~(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*~~
~~*(b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :*~~

[ ]   ~~(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*~~
~~*(c) le cas échéant, par remise simple (article 5, alinéa 2).*~~

The authority is requested to return or to have returned to the applicant a copy of the documents-and of the annexes*--with a certificate
as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte-et de ses annexes-avec*
*l'attestation figurant au verso.*

SERVICE IS REQUESTED PURSUANT TO PUBLIC LAW 97-462 OF FEB. 26, 1983 WHICH AMENDED RULE 4(c)2(a) OF THE U.S.
FEDERAL RULES OF CIVIL PROCEDURE and RULES 311 AND 313 OF THE NEW YORK CIVIL PRACTICE LAW AND RULES.

List of documents
*Enumération des pieces*

| | |
|---|---|
| Executed "Request," in duplicate | Done at <u>Leawood, Kansas, U.S.A.,</u> the <u>8 Jan. 2010</u> |
| "Certificate" (unexecuted), in duplicate | *Fait à _____ , le _____* |
| "Summary" with Attachment "A," in duplicate | Signature and/or stamp. |
| "Notice," in duplicate | *Signature et/ou cachet.* |
| Summons, in English and Korean, in duplicate | |
| Complaint, in English and Korean, in duplicate | |

*Delete if inappropriate
*Rayer les mentions inutiles.*      (Formerly OBD-116 which was formerly LAA-116,      USM-94
both of which may still be used)      (Est. 11/22/77)

# CERTIFICATE
*ATTESTATION*

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

**1) that the document has been served \***

*1. que la demande a été exécutée*

- **the (date)**
- *le (date)* _____
- **at (place, street, number)**
- *à (locatlité, rue numéro)* _____

- **in one of the following methods authorised by article 5-**
- *-dans une des formes sulvantes prévues à l'article 5:*
  - ☐ **(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention\*.**
    *a) selon les formes légales (article 5, alinéa premier, lettre a).*
  - ☐ **(b) in accordance with the following particular method\*:**
    *b) selon la forme particulière suivante :* _____
    _____
  - ☐ **(c) by delivery to the addressee, who accepted it voluntarily. \***
    *c) par remise simple*

**The documents referred to in the request have been delivered to:**
*Les documents mentionnés dans la demande ont été remis à:*

- **(identity and description of person)**
- *-(identité et qualité de la personne)* _____

- **relationship to the addressee (family, business, or other):**
- *-liens de parenté, de subordination ou autres, avec le destinataire de l'acte:* _____

**2) that the document has not been served, by reason of the following facts\*:**
*2. que la demande n'a pas été exécutée, en raison des faits suivants:*

_____
_____
_____

**In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.**
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

**Annexes**
*Annexes*
**Documents returned:**
*Pièces renvoyées:*

_____
_____

**Done at** _____ , **the** _____
*Fait à* _____ , *le* _____

**In appropriate cases, documents establishing the service:**
*Le cas échéant, les documents justificatifs de l'execution:*

_____
_____

**Signature and / or stamp.**
*Signature et / ou cachet.*

_____

**\*Delete if inappropriate.**
*Rayer les mentions inutiles.*

2

Index No.: **2009-1667**

# SUMMARY OF THE DOCUMENT TO BE SERVED
## *ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares
en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*
**(article 5, fourth paragraph)**
*(article 5, alinéa 4)*

**Name and address of the requesting authority:** Karina Shreefer, Esq.
*Nom et adresse de l'autorité requérante :*    LEGAL LANGUAGE SERVICES
8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A.
Tel. 1.913.341.3167

**Particulars of the parties\*:**
*Identité des parties :*    RAYNALDO TORREZ CRUZ and LISA CRUZ, *Plaintiffs*
KUMHO INDUSTRIAL CO., LTD., **KUMHO TIRE CO., LTD.**, et al., *Defendants*

## JUDICIAL DOCUMENT\*\*
### *ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*    To give notice to the Defendant of the commencement of a civil claim against it
and to summon it to answer or otherwise respond.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*    See Attachment "A."

**Date and place for entering appearance\*\*:**
*Date et lieu de la comparution :*    Within thirty (30) days after service is complete, exclusive of the day of service, before the Supreme Court of
the State of New York, County of Franklin located at: 355 West Main Street, Malone, New York 12953, U.S.A.

**Court which has given judgment\*\*:**
*Juridiction qui a rendu la décision :*    N/A

**Date of judgment\*\*:**
*Date de la décision :*    N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*    Defendant is summoned and required to serve upon the Plaintiff's Attorney (Martin, Harding &
Mazzotti LLP) an Answer to the Complaint within thirty (30) days after service is complete, exclusive of the day of service.  If Defendant fails
to Answer, judgment will be taken against it by default for the relief demanded in the Complaint.

## EXTRAJUDICIAL DOCUMENT\*\*
### *ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*    N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*    N/A

---

\*   If appropriate, identity and address of the person interested in the transmission of the document.
    *S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\*  Delete if inappropriate.
    *Rayer les mentions inutiles.*

\*U.S. Government Printing Office: 1990-262-211/15302

3

**Attachment "A"**
**to "Summary of the Document to be Served"**

Plaintiffs Raynaldo Torrez Cruz and Lisa Cruz bring this action for personal injury against the named Defendants. On June 15, 2009, as Plaintiff Raynaldo Torrez, working in the course of his employment, was operating a 2005 Mack dump truck the front passenger tire experienced a sudden and unexpected blow-out which caused a loss of control of his vehicle. The dump truck was caused to drive off the road due to the blow out, hit a tree, and catch fire, thereby causing Plaintiff to suffer severe personal injuries. Plaintiffs claim that as a proximate result of the acts and omissions of the Defendants, Plaintiff Raynaldo Torrez Cruz has suffered the serious injuries and damages described in this Complaint, and Plaintiff Lisa Cruz has suffered the loss of consortium of her husband.

Plaintiffs pray for damages, together with the costs and disbursements of this action, and for such further relief as the Court deems just and proper.

Index No.: 2009-1667

**NOTICE**
*(recommended by the Fourteenth Session of*
*Hague Conference of October, 1980)*

**identité et adresse du destinataire**
*identity and address of the addressee*

KUMHO TIRE CO., LTD.
555, Sochon-Dong Gwangsan-Gu
Kwangju 506-040
REPUBLIC OF KOREA

**TRÈS IMPORTANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

Legal Aid Society of Northeastern New York
Plattsburgh Office
100 Court Street
Plattsburgh, New York 12901
U.S.A.
Tel. 1.518.563.4022

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Legal Aid Society of Northeastern New York
Plattsburgh Office
100 Court Street
Plattsburgh, New York 12901
U.S.A.
Tel. 1.518.563.4022

**LEGAL LANGUAGE SERVICES**

A division of ALS International
8014 State Line Road
Suite 110
Leawood, KS  66208-3712

Telephone   (913) 341-3167
Toll Free   (800) 755-5775
Telefax    (913) 341-3168
www.legallanguage.com

**January 8, 2010**
2010년 1월 8일

**To whom it may concern:**
관계 당사자 앞:

**This is to certify that the attached translation from English into Korean is an accurate representation of the document received by this office.  This document is designated as:**
첨부된 한역 번역이 이 사무소에 수여된 서류의 정확한 사본임을 증명합니다.  이 서류는 다음과 같이 지정됩니다:

**Summons**
소환장

**Maria Victoria Portuguez, Manager of this company, certifies that Jeeyeoon Jeung, who translated this document, is fluent in Korean and standard North American English and qualified to translate. He/She attests to the following:**
이 회사의 간사인 Maria Victoria Portuguez 은 이 서류를 번역한 Jeeyeoon Jeung 이 한국어와 표준 북미 영어에 유창하며 번역에 자격이 있음을 증명합니다.  그는 다음을 증명합니다:

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."**
"첨부한 문서는 명기된 서류의 진실되고, 완전하며 정확한 번역임을 확신합니다."

**Signature of Maria Victoria Portuguez**
Maria Victoria Portuguez 서명

**Subscribed and sworn to before me this on January 8, 2010.**
2010년 1월 8일 에 본인 앞에서 서명하며 선서하였음.

**Vicki Farron**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9, 2012**

Vicki Farron
캔사스 주 공증인
존슨 군에서 자격 부여됨
2012년 12월 9일 임무 만기됨

**Sincerely,**
재배

**Victor J. Hertz**
President/사장

뉴욕주[STATE OF NEW YORK]
연방 대법원[SUPREME COURT]          프랭클린 카운티[COUNTY OF FRANKLIN]

레이날도 토레즈 크루즈[RAYNALDO TORREZ CRUZ]
와 리사 크루즈[LISA CRUZ]

        원고,          소환장

     -대-          색인 번호:

금호 산업 주식회사[KUMHO INDUSTRIAL CO., LTD.],          **2009-1667**
금호 타이어 주식회사[KUMHO TIRE CO., LTD.],
금화 타이어 미주 법인[KUMHO TIRE USA, INC.],
금호 개발 기업[KUMHO DEVELOPMENT, INC.], 및
다코타-월쉬 타이어 사[DACOTAH-WALSH TIRE INCORPORATED],

        피고

---

상기 거명 피고 귀하:

    귀하는 본 소환장에 의하여 소환되며, 송달 일을 제외한, 본 소환장의 송달 이후 20일 이내 또는 본 소환장이 뉴욕 주[the State of New York]내에서 귀하에 직접 전달 되지 않은 경우, 송달 완료 후 30일 이내에 본 소송의 고소장에 대한 답변서를 원고측 변호인에 송달 할 것이 귀하에 요구 됩니다. 답변 불이행의 경우, 본 고소장에서 요구된 구제에 대하여, 법원의 판결이 의무 불이행의 이유로 귀하에 불리하게 결정 될 것 입니다.

    원고는 프랭클린 카운티[Franklin County]를 재판 장소로 지정 하는 바입니다.

    재판 장소는 원고가 뉴욕주[the State of New York], 프랭클린 카운티[the County of Franklin]에 거주함에 근거합니다.

원본은 파일 처리 또는
기록 되었음

# 사본

| 파일 신청 등록[FILED] |
| :---: |
| **2009년 12월 16일** |
| 프랭클린 카운티[FRANKLIN COUNTY] 서기 사무실[CLERK'S OFFICE] |

Subscribed and sworn to before
me this _____ / 8 _____ 20 / 0

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

일자: 2009년 12월 15일

[서명]
_____
크레이그 에이. 쿠싱, 변호인[Craig A. Cushing, Esq.]
마틴, 하딩과 마조티 합동법률회사
[MARTIN, HARDING & MAZZOTTI LLP]
원고측 변호인
1222 트로이 쉬넥테이디 로드 [Troy-Schenectady
Road]
사서함[P.O.Box] 15141
뉴욕주 알바니[Albany, New York] 12212-5141
(518) 862-1200

Subscribed and sworn to before
me this ____ 1 / 8 ____ 20 _ 1 0

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

STATE OF NEW YORK
SUPREME COURT                    COUNTY OF FRANKLIN

RAYNALDO TORREZ CRUZ and LISA CRUZ,

                                    Plaintiffs,              **SUMMONS**

            -against-                                        **INDEX NO.:**

KUMHO INDUSTRIAL CO., LTD.,                                  2009 - 1667
KUMHO TIRE CO., LTD.,
KUMHO TIRE USA, INC.,
KUMHO DEVELOPMENT, INC., and
DACOTAH-WALSH TIRE INCORPORATED,

                                    Defendants.

To the above named Defendants:

        **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiffs' attorney an

answer to the Complaint in this action within twenty days after the service of this Summons,

exclusive of the day of service, or within thirty days after service is complete if this Summons

is not personally delivered to you within the State of New York.  In case of your failure to

answer, judgment will be taken against you by default for the relief demanded in the

Complaint.

        Plaintiffs designate Franklin County as the place of trial.

        The basis of venue is the plaintiffs' residence in the County of Franklin, State of New

York.



ORIGINAL
WAS FILED OR
RECORDED

COPY



FILED

DEC 1 6 2009

FRANKLIN COUNTY
CLERK'S OFFICE

DATED: December 15, 2009

By:    _____
       Craig A. Cushing, Esq.
       MARTIN, HARDING & MAZZOTTI LLP
       Attorneys for Plaintiffs
       1222 Troy-Schenectady Road
       P.O. Box 15141
       Albany, New York 12212-5141
       (518) 862-1200



## LEGAL LANGUAGE SERVICES

A division of ALS International
8014 State Line Road
Suite 110
Leawood, KS 66208-3712

Telephone (913) 341-3167
Toll Free (800) 755-5775
Telefax (913) 341-3168
www.legallanguage.com

January 8, 2010
2010년 1월 8일

**To whom it may concern:**
관계 당사자 앞:

**This is to certify that the attached translation from English into Korean is an accurate representation of the document received by this office. This document is designated as:**
첨부된 한역 번역이 이 사무소에 수여된 서류의 정확한 사본임을 증명합니다. 이 서류는 다음과 같이 지정됩니다:

### Complaint
고소

**Maria Victoria Portuguez, Manager of this company, certifies that Jeeyeoon Jeung, who translated this document, is fluent in Korean and standard North American English and qualified to translate. He/She attests to the following:**
이 회사의 간사인 Maria Victoria Portuguez 은 이 서류를 번역한 Jeeyeoon Jeung 이 한국어와 표준 북미 영어에 유창하며 번역에 자격이 있음을 증명합니다. 그는 다음을 증명합니다:

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."**
"첨부한 문서는 명기된 서류의 진실되고, 완전하며 정확한 번역임을 확신합니다."

**Signature of Maria Victoria Portuguez**
Maria Victoria Portuguez 서명

**Subscribed and sworn to before me this on January 8, 2010.**
2010년 1월 8일 에 본인 앞에서 서명하며 선서하였음.

**Vicki Farron**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9, 2012**

Vicki Farron
캔사스 주 공증인
존슨 군에서 자격 부여됨
2012년 12월 9일 임무 만기됨

**Sincerely,**
재배

**Victor J. Hertz**
President/사장

뉴욕주[STATE OF NEW YORK]
연방 대법원[SUPREME COURT]　　　　　　　프랭클린 카운티[COUNTY OF FRANKLIN]

레이날도 토레즈 크루즈[RAYNALDO TORREZ CRUZ]
와 리사 크루즈[LISA CRUZ]

　　　　　　　　　　원고,　　　　　　　　고소

　　　　　-대-　　　　　　　　　　　　색인 번호:

금호 산업 주식회사[KUMHO INDUSTRIAL CO., LTD.],　　**2009-1667**
금호 타이어 주식회사[KUMHO TIRE CO., LTD.],
금화 타이어 미주 법인[KUMHO TIRE USA, INC.],
금호 개발 기업[KUMHO DEVELOPMENT, INC.], 및
다코타-월쉬 타이어 사[DACOTAH-WALSH TIRE INCORPORATED],

　　　　　　　　　　피고

　　　　원고, 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]와 리사 크루즈[Lisa Cruz]는 그들의 변호인인 마틴, 하딩과 마조티 합동법률회사[Martin, Harding & Mazzotti LLP]에 의한 및 를 통하여 정중하게 다음과 같이 주장 진술 하는 바이다.

　　　　1.　　이하 언급된 모든 기간 동안, 원고 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]는 뉴욕주[the State of New York], 프랭클린 카운티[the County of Franklin]의 거주자였으며, 현재도 그러하다.

　　　　2.　　이하 언급된 모든 기간 동안, 원고 리사 크루즈[Lisa Cruz]는 뉴욕주[the State of New York], 프랭클린 카운티[the County of Franklin]의 거주자였으며, 현재도 그러하다.

　　　　3.　　확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 주요 사업 소재지를, 대한민국[South Korea], 전라남도[Jeollanam-Do], 나주시[Najoo-Si]에 두고, 대한 민국[South Korea] 법 하에 적법 절차에 따라 조직 되어 발생한 조직체였으며, 현재도 그러하다.

　　　　4.　　확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 타이어 설계 사업 활동을 하였으며, 현재도 그러하다.

　　　　5.　　확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 타이어 제조 사업 활동을 하였으며, 현재도 그러하다.

원본은 파일 처리 또는
기록 되었음

# 사본

파일 신청 등록[FILED]

**2009년 12월 16일**

프랭클린 카운티[FRANKLIN COUNTY]
서기 사무실[CLERK'S OFFICE]

Subscribed and sworn to before
me this ___ 1/ 8 ___ 20 _1 O_

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

6.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 뉴욕주[the State of New York]내의 지역들을 포함하는 다양한 지역에 타이어를 판매, 배급 및/또는 공급하는 사업 활동을 하였으며, 현재도 그러하다.

7.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 뉴욕주[the State of New York]내의 지역들을 포함하는 다양한 지역에 타이어 판매를 위한 광고, 영업 및/또는 홍보 사업 활동을 하였으며, 현재도 그러하다.

8.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 뉴욕주[the State of New York]에서 사업 활동을 하는 외국 기업이었으며, 현재도 그러하다.

9.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 본 고소장에서 명시한 바와 같이 뉴욕주[New York State]내에서 원고에 상해를 유발하는, 뉴욕주[the State of New York]외에서의 불법 행위를 범하였다.

10.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 정규적으로 뉴욕주[the State of New York]에서 사업 활동을 수행 또는 유발하였거나 지속적인 사업 활동 수행 과정에 관여하였으며, 현재도 그러하다.

11.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 뉴욕주[the State of New York]내에서 사용 또는 소비되는 제품이나 제공 되는 서비스 활동으로부터 상당한 수입을 거두었으며 현재도

Subscribed and sworn to before
me this ___1/ 8___ 20 _1 0_

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

그러하다.

12.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 정규적으로 지속적인 사업 활동 수행 과정에 관여하여, 뉴욕주[the State of New York]내에서 사용, 소비 또는 공급 되는 제품이나 제공 되는 서비스 활동으로부터 상당한 수입을 거두었으며, 뉴욕주[the State of New York]내에서 자사의 불법행위가 상응하는 결과를 초래할 것이라는 예상을 하였거나, 합리적으로 예상 하였어야 한다.

13.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 주간 또는 국제 사업 활동으로부터 상당한 수입을 거두었으며, 현재도 그러하다.

14.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]의 행위는 뉴욕주[the State of New York]내에서 상응하는 결과적 책임을 가졌다.

15.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.]는 주요 사업 소재지를, 대한민국[South Korea], 광주[Kwangju]에 두고, 대한 민국[South Korea] 법 하에 적법 절차에 따라 조직 되어 발생한 독립 조직체였으며, 현재도 그러하다.

16.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.]는 타이어 설계 사업 활동을 하였으며, 현재도 그러하다.

17.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.]는 타이어 제조 사업 활동을 하였으며, 현재도 그러하다.

Subscribed and sworn to before
me this ___/ / 8___ 20 _/ O_

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

18.     확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.]는 뉴욕주[the State of New York]내의 지역들을 포함하는 다양한 지역에 타이어를 판매, 배급 및/또는 공급하는 사업 활동을 하였으며, 현재도 그러하다.

19.     확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.]는 뉴욕주[the State of New York]내의 지역들을 포함하는 다양한 지역에 타이어 판매를 위한 광고, 영업 및/또는 홍보 사업 활동을 하였으며, 현재도 그러하다.

20.     확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.]는 뉴욕주[the State of New York]에서 사업 활동을 하는 외국 기업이었으며, 현재도 그러하다.

21.     확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.]는 본 고소장에서 명시한 바와 같이 뉴욕주[New York State]내에서 원고에 상해를 유발하는, 뉴욕주[the State of New York]외에서의 불법 행위를 범하였다.

22.     확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.] 정규적으로 뉴욕주[the State of New York]에서 사업 활동을 수행 또는 유발하였거나 지속적인 사업 활동 수행 과정에 관여하였으며, 현재도 그러하다.

23.     확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.] 뉴욕주[the State of New York]내에서 사용 또는 소비되는 제품이나 제공 되는 서비스 활동으로부터 상당한 수입을 거두었으며 현재도 그러하다.

24.     확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.] 정규적으로 지속적인 사업 활동 수행 과정에 관여하여,

Subscribed and sworn to before
me this ___/ 8___ 20 _/ O__

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

뉴욕주[the State of New York]내에서 사용, 소비 또는 공급 되는 제품이나 제공 되는 서비스 활동으로부터 상당한 수입을 거두었으며, 뉴욕주[the State of New York]내에서 자사의 불법행위가 상응하는 결과를 초래할 것이라는 예상을 하였거나, 합리적으로 예상 하였어야 한다.

25.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.]는 주간 또는 국제 사업 활동으로부터 상당한 수입을 거두었으며, 현재도 그러하다.

26.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.]의 행위는 뉴욕주[the State of New York]내에서 상응하는 결과적 책임을 가졌다.

27.   확인된 정보와 신뢰에 근거하여, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.]는 회사명을 금호 산업 주식회사[Kumho Industrial Co., Ltd.]로 변경하였다.

28.   확인된 정보와 신뢰에 근거하여, 피고 금호 타이어 주식회사[Kumho Tire Co., Ltd.]는 금호 산업 주식회사[Kumho Industrial Co., Ltd.]와 합병, 및/또는 통합하였다.

29.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 산업 주식회사[Kumho Industrial Co., Ltd.]는 이전에 금호 타이어 주식회사[Kumho Tire Co., Ltd.]로 알려졌다.

30.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 미주 법인[Kumho Tire USA, Inc.]은 캘리포니아주[the State of California] 법 하에 적법 절차에 따라 조직되어 존속하는 외국 기업이었으며, 현재도 그러하고, 캘리포니아 란초 쿠카몬가[Rancho Cucamonga, California]에 주요 사업 활동 소재지를 두고 뉴욕주[the State of

Subscribed and sworn to before
me this ___ 1/8 ___ 20 __ 10

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

New York]에서 사업 활동을 할 수 있는 라이선스를 가지고 있다.

31.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 미주 법인[Kumho Tire USA, Inc.]은 타이어 설계 사업 활동을 하였으며, 현재도 그러하다.

32.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 미주 법인[Kumho Tire USA, Inc.]은 타이어 제조 사업 활동을 하였으며, 현재도 그러하다.

33.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 미주 법인[Kumho Tire USA, Inc.]은 뉴욕주[the State of New York]내의 지역들을 포함하는 다양한 지역에 타이어를 판매, 배급 및/또는 공급하는 사업 활동을 하였으며, 현재도 그러하다.

34.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 타이어 미주 법인[Kumho Tire USA, Inc.]은 뉴욕주[the State of New York]내의 지역들을 포함하는 다양한 지역에 타이어 판매를 위한 광고, 영업 및/또는 홍보 사업 활동을 하였으며, 현재도 그러하다.

35.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 개발 기업[Kumho Development, Inc.]은 주 사업 활동 소재지를 뉴욕주, 뉴욕시[New York, New York]에 두고, 뉴욕 주[the State of New York] 법 하에 적법 절차에 따라 조직되어 발생한 국내 기업 이었으며, 현재도 그러하다.

36.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 개발 기업[Kumho Development, Inc.]은 타이어 설계 사업 활동을 하였으며, 현재도 그러하다.

37.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 개발 기업[Kumho Development, Inc.]은 타이어 제조 사업 활동을 하였으며, 현재도 그러하다.

38.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 개발

Subscribed and sworn to before
me this _____ 1/ 8 _____ 20 _ 1 O

Notary Public _____
**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

기업[Kumho Development, Inc.]은 뉴욕주[the State of New York]내의 지역들을 포함하는 다양한 지역에 타이어를 판매, 배급 및/또는 공급하는 사업 활동을 하였으며, 현재도 그러하다.

39.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 금호 개발 기업[Kumho Development, Inc.]은 뉴욕주[the State of New York]내의 지역들을 포함하는 다양한 지역에 타이어 판매를 위한 광고, 영업 및/또는 홍보 사업 활동을 하였으며, 현재도 그러하다.

40.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬 타이어 사[Dacotah-Walsh Tire Incorporated]는 주 사업 소재지를 미네소타주[State of Minnesota] 첸하센 시[the City of Chanhassen]에 두고, 미네소타주[State of Minnesota] 법에 따라서 조직된 외국 기업이었으며, 현재도 그러하다.

41.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬 타이어 사[Dacotah-Walsh Tire Incorporated]는 타이어 설계 사업 활동을 하였으며, 현재도 그러하다.

42.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬 타이어 사[Dacotah-Walsh Tire Incorporated]는 타이어 제조 사업 활동을 하였으며, 현재도 그러하다.

43.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬 타이어 사[Dacotah-Walsh Tire Incorporated]는 뉴욕주[the State of New York]내의 지역들을 포함하는 다양한 지역에 타이어를 판매, 배급 및/또는 공급하는 사업 활동을 하였으며, 현재도 그러하다.

44.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬 타이어 사[Dacotah-Walsh Tire Incorporated]는 뉴욕주[the State of New York]내의 지역들을

Subscribed and sworn to before
me this _____ 1/8 _____ 20 _1 0_

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

포함하는 다양한 지역에 타이어 판매를 위한 광고, 영업 및/또는 홍보 사업 활동을 하였으며,

현재도 그러하다.

45.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬

타이어 사[Dacotah-Walsh Tire Incorporated]는 뉴욕주[the State of New York]에서 사업 활동을

하는 외국 기업이었으며, 현재도 그러하다.

46.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬

타이어 사[Dacotah-Walsh Tire Incorporated] 본 고소장에서 명시한 바와 같이 뉴욕주[New York

State]내에서 원고에 상해를 유발하는, 뉴욕주[the State of New York]외에서의 불법 행위를

범하였다.

47.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬

타이어 사[Dacotah-Walsh Tire Incorporated]는 정규적으로 뉴욕주[the State of New York]에서

사업 활동을 수행 또는 유발하였거나 지속적인 사업 활동 수행 과정에 관여하였으며, 현재도

그러하다.

48.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬

타이어 사[Dacotah-Walsh Tire Incorporated]는 뉴욕주[the State of New York]내에서 사용 또는

소비되는 제품이나 제공 되는 서비스 활동으로부터 상당한 수입을 거두었으며 현재도

그러하다.

49.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬

타이어 사[Dacotah-Walsh Tire Incorporated] 정규적으로 지속적인 사업 활동 수행 과정에

관여하여, 뉴욕주[the State of New York]내에서 사용, 소비 또는 공급 되는 제품이나 제공 되는

서비스 활동으로부터 상당한 수입을 거두었으며, 뉴욕주[the State of New York]내에서 자사의

Subscribed and sworn to before
me this _____ 1 / 8 _____ 20 _1 0

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

불법행위가 상응하는 결과를 초래할 것이라는 예상을 하였거나, 합리적으로 예상 하였어야 한다.

50.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬 타이어 사[Dacotah-Walsh Tire Incorporated]는 주간[interstate] 또는 국제 사업 활동으로부터 상당한 수입을 거두었으며, 현재도 그러하다.

51.    확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고 다코타-월쉬 타이어 사[Dacotah-Walsh Tire Incorporated]의 행위는 뉴욕주[the State of New York]내에서 상응하는 결과적 책임을 가졌다.

### 피고에 반하는 소송 제1의 사유로서 및 사유를 위하여

52.    원고는 본 고소장에서 전적으로 명시된 바와 같이, 동일한 힘과 효력을 가지고, 상기 포함된 각각의 모든 진술 주장내용을 참조사항으로서, 반복, 재주장 진술 및 통합 반영 하는 바이다.

53.    확인된 정보와 신뢰에 근거하여, 관련된 모든 기간 동안, 피고는 타이어의 설계, 제조, 광고, 영업 및 판매, 배급 또는 공급의 사업 활동에 관여하였다.

54.    확인된 정보와 신뢰에 근거하여, 관련된 모든 기간 동안, 피고는 실제로 타이어를 설계하였다.

55.    확인된 정보와 신뢰에 근거하여, 관련된 모든 기간 동안, 피고는 실제로 타이어를 제조 하였다.

56.    확인된 정보와 신뢰에 근거하여, 관련된 모든 기간 동안, 피고는 실제로 타이어를 배급하였다.

Subscribed and sworn to before
me this ___ 1/8 ___ 20 __10

Notary Public _____
**VICKI FARRON**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9, 2012**

57.   확인된 정보와 신뢰에 근거하여, 관련된 모든 기간 동안, 피고는 실제로 타이어를 광고하였다.

58.   확인된 정보와 신뢰에 근거하여, 관련된 모든 기간 동안, 피고는 실제로 타이어 영업을 하였다.

59.   확인된 정보와 신뢰에 근거하여, 관련된 모든 기간 동안, 피고는 실제로 타이어를 판매, 배급, 리스, 공급 및/또는 대여(렌트)하였다.

60.   확인된 정보와 신뢰에 근거하여, 관련된 모든 기간 동안, 피고는 사양서와/또는 치수 425/65r22.5의 금호 파워 플릿 타이어[Kumho power fleet tire]로 확인된 특정 타이어를 설계, 제조, 광고, 영업, 배급 및/또는 판매 하였다.

61.   확인된 정보와 신뢰에 근거하여, 관련된 모든 기간 동안, 피고는 실제로 상기 설명된 타이어를 설계, 제조, 광고, 영업 및/또는 판매 하였다.

62.   확인된 정보와 신뢰에 근거하여, 2009년 6월 15일 이전에, 피고의 타이어를 딕 글로드 건설 주식회사[Dick Glode Construction, LLC]가 피고 다코타-월쉬 타이어 사[Dacotah-Walsh Tire Incorporated]로부터 구매하였다.

63.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 딕 글로드 건설 주식회사[Dick Glode Construction, LLC]는 뉴욕주[New York State] 라이센스 프레이트 번호 69335JS를 달고 있는 2005년 형 맥[Mack] 덤프 트럭을 소유 하였다.

64.   확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 상기 참조된 타이어는 해당 2005년 형 맥[Mack] 덤프 트럭의 앞좌석 승객측 바퀴에 배치, 조정 및 또는 장착 되었다.

65.   이하 언급된 모든 기간 동안, 원고 레이날도 토레즈 크루즈[Raynaldo Torrez

Subscribed and sworn to before
me this ___ 1/8 ___ 20 _1 O_

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

Cruz]는 딕 글로드 건설 주식회사[Dick Glode Construction, LLC]의 직원이었다.

66.     2009년 6월 15일, 원고 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]는 딕 글로드 건설 주식회사[Dick Glode Construction, LLC]와의 고용 업무 수행 중 상기 참조된 2005년 형 맥[Mack] 덤프 트럭을 운행하고 있었다.

67.     전술한 시간과 장소에서, 원고 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]는 뉴욕주[State of New York], 클린턴 카운티[County of Clinton], 플래츠버그시[Town of Plattsburgh]의 하이웨이 I-87 선상의 37번 출구[Exit] 램프에서 약3/4 마일 거리의 북쪽 지점에서, 해당 2005년 형 맥[Mack] 덤프 트럭을 북방향으로 진행 중이었다.

68.     전술한 시간과 장소에서, 원고 레이날도 토레즈 크루즈[Raynaldo Cruz]는, 상기 2005년 형 맥[Mack] 덤프 트럭을 운전하던 중, 앞좌석 승객 쪽 타이어 방향에서 갑작스럽게 예상치 못했던 파열을 경험하게 되었다. 파열은 원고 차량에의 제어 유실을 초래하여, 해당 덤프트럭이 운행 중 도로를 이탈하여, 나무를 들이받고, 화재가 발생하게 하였으며, 그리하여 원고가 심각한 신체상의 상해를 입게 되는 원인이 되었다.

69.     전술은 사건은 상기 타이어의 설계에 있어서, 피고의 태만 및/또는 부주의 의하여 초래 되었다.

70.     전술한 사건은 상기 타이어의 제조에 있어서, 피고의 태만 및/또는 부주의 의하여 초래 되었다.

71.     전술한 사건은 원고에게 상기 타이어의 위험하고 결함 있는 상태에 대하여 경고를 이행 하지 못한 점에 있어서, 피고의 태만 및/또는 부주의 의하여 초래 되었다.

72.     피고는 다음과 같은 점에서 원고에 대한 피고의 의무를 위반 하였다. 상기 타이어의 설계와 제조에 합리적인 주의를 기울이지 못하였고, 상기 타이어의 시험, 유지보수,

Subscribed and sworn to before
me this _____ 1/8 _____ 20 _10_

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

설치, 수리, 서비스, 통제 및 점검에 있어서 합리적인 주의를 행사하지 못하였고, 원고측에 상기 타이어의 위험하고 결함 있는 상태에 대하여 경고 하지 못하였고, 원고에 상해를 초래한 위험하고, 결함 있으며, 위험성 있는 상태를 막고, 피하며, 제거하는데 필요한 주의를 기울이지 못하였으며; 상기 사건의 발생의 유발, 허용, 방치 및/또는 묵인 한 점; 및 상기 타이어가 위험하고 결함 있는 상태임을 발견하지 못하였다.

73. 확인된 정보와 신뢰에 근거하여, 본 고소장에서 언급된 모든 기간 동안, 피고는 해당 상기 타이어가 타이어의 의도된 목적과 방식으로 사용하기에 합리적으로 안전하지 않으며, 설계상 결함이 있다는 사실에 대한 실질적인 및/또는 추정에 의한 인지 및 이해를 하고 있었다. 합리적인 주의를 행사함에 있어서, 피고는 그러한 결함에 대한 인지 및 이해를 해야만 하였다.

74. 피고는 동일 타이어의 판매 시, 피고가 알고 있었거나, 알고 있었어야만 하는 해당 타이어의 위험에 대하여 경고하지 못하였으며, 동일 타이어의 판매 이후 및 해당 사건 일 이전에, 피고가 알게 되었거나, 알게 되었어야만 하는 타이어의 위험에 대하여 경고 하지 못하였다.

75. 피고의 태만의 결과로서 및/또한 피고가 타이어의 위험에 대하여 경고해야 하는 지속적인 의무를 만족시키지 못한 이유로, 원고 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]는 심각하고, 영구적인 신체적 상해를 입게 되었다.

76. 앞서 언급한 이유로, 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]는 심각한 신체상의 상해를 입게 되어, 온 몸이 아프고, 상처가 나서 장애를 가지게 되었고; 원고의 일상적인 의무 처리를 하지 못하게 되었으며; 통증을 겪었다; 그리고 원고는 영구적, 외부적, 내부적으로 상해를 입어서, 본 소송에 대하여 사법 관할 권한을 가질 수 있었던 모든 하부 법정의 금전적인 사업 관할 권을 초과하는 금액의 손해 배상에 해당 된다. .

Subscribed and sworn to before
me this _____ 1/8 _____ 20 _10_

Notary Public _____
**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

## 피고에 반하는 소송 제2의 사유로서 및 사유를 위하여

77.     원고는 본 고소장에서 전적으로 명시된 바와 같이, 동일한 힘과 효력을 가지고, 상기 포함된 각각의 모든 진술 주장내용을 참조사항으로서, 반복, 재주장 진술 및 통합 반영 하는 바이다.

78.     피고는 문제의 타이어와 타이어의 구성 부품들을 실제로 제조 하였으며, 상기 타이어는 결함 있게 설계, 제조 되어 합리적으로 안전 하지 못 하였다.

79.     상기 해당 타이어의 결함 있는 조건, 성격, 설계, 조립, 제조 및 합리적으로 안전하지 못한 특성의 직접적인 근사한 결과에 의하여, 원고 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]가 심각하고, 고통스러우며 영구적인 상해를 입게 되는 원인이 되었다.

80.     관련 있는 전 기간 동안, 해당 타이어는 동일한 결함 있는 상태로, 타이어의 의도된 및/또는 예상 가능한 사용에 있어서 합리적으로 안전 하지 않았다.

81.     확인된 정보와 신뢰에 근거하여, 상기 타이어는, 타이어가 판매용으로 시장에 공급 배치 되어, 피고, 피고의 대리인, 하수인 및/또는 고용인들에 의해 판매될 당시의 상태와 같이, 사고 당일에도, 상당히 동일한 조건 상태였다.

82.     문제의 사고 당시, 해당 타이어는 의도된 및/또는 예상 가능한 목적과 방식으로 사용 되고 있었다.

83.     피고는 동의한 타이어의 설계와 제조 당시 실재하였으며, 그리고/또는 동일 타이어의 판매 이후 및 문제 사건일자 이점에 피고가 주지 하게 되었던 위험에 대한 경고를 이행 하지 못하였다.

84.     상기 해당 타이어의 결함 있는 조건, 성격, 설계, 조립, 제조 및 합리적으로

Subscribed and sworn to before
me this _____ 1/8_____ 20 1 0

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

안전하지 못한 특성의 직접적인 근사한 결과에 의하여, 그리고/또는 그러한 타이어의 불안전한 조건에 대한 경고 불이행의 사유로, 원고 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]가 심각하고, 고통스러우며 영구적인 상해를 입게 되는 원인이 되었다.

85.    이하 언급된 전 기간 동안, 원고 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]는 그가 입은 상해를 피할 수가 없었다.

86.    피고는 상기 타이어의 결함 있는 설계, 제조 및/또는 불안전한 상태에 대한 경고 불이행의 이유로 책임이 있다.

87.    이하 언급된 전 기간 동안, 피고는 엄격한 제품 책임의 원칙하에 원고에 대한 책임이 있다.

88.    앞서 언급한 이유로, 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]는 심각한 신체상의 상해를 입게 되어, 온 몸이 아프고, 상처가 나서 장애를 가지게 되었고; 원고의 일상적인 의무 처리를 하지 못하게 되었으며; 통증을 겪었다; 그리고 원고는 영구적, 외부적, 내부적으로 상해를 입어서, 본 소송에 대하여 사법 관할 권한을 가질 수 있었던 모든 하부 법정의 금전적인 사업 관할 권을 초과하는 금액의 손해 배상에 해당 된다.

### 피고에 반하는 소송 제3의 사유로서 및 사유를 위하여

89.    원고는 본 고소장에서 전적으로 명시된 바와 같이, 동일한 힘과 효력을 가지고, 상기 포함된 각각의 모든 진술 주장내용을 참조사항으로서, 반복, 재주장 진술 및 통합 반영 하는 바이다.

90.    피고가 상기 타이어를 판매하기 이전에, 피고는 명시적 암시적으로 해당 제품이 상용 품질을 갖추고, 합리적으로 견고, 안전하며, 타이어 설계, 제조, 구성, 조립, 장착, 판매, 공급 및 의도의 목적에 부합함을 보장 하였다.

Subscribed and sworn to before
me this _____ 1/8 _____ 20 _1O_

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

91.     확인된 정보와 신뢰에 근거하여, 이하 언급된 모든 기간 동안, 피고는 명시적 및/또는 암시적으로, 피고의 책임 관리자, 대리인, 하수인 및 또는 직원들을 통하여, 일반 대중 및 본 고소장의 원고에 해당 문제 타이어가 타이어의 의도된 및/또는 예측 가능한 사용에 안전함을 보증 하였다.

92.     확인된 정보와 신뢰에 근거하여, 피고는 피고의 책임 관리자, 대리인, 하수인 및 또는 직원들을 통하여 상기 타이어가, 타이어의 설계와 구성에 있어서, 의도된 사용 목적에 적절하지 않으며, 상용 품질을 갖추지 못하였고, 사용상 불안전하며, 불안전한 설계로 위험하여, 잠재적인 결함을 포함하고 있다는 점에서, 그들의 보증을 위반 하였다.

93.     2009년 6월 15일 경, 상기 해당 타이어는 타이어의 의도된 목적과 의도된 사용 및 작동 방식 대로 사용 되고 있을 때, 원고 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]가 심각하고 영구적인 개인 상해를 입히는 원인이 되었다.

94.     앞서 언급한 이유로, 레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]는 심각한 신체상의 상해를 입게 되어, 온 몸이 아프고, 상처가 나서 장애를 가지게 되었고; 원고의 일상적인 의무 처리를 하지 못하게 되었으며; 통증을 겪었다; 그리고 원고는 영구적, 외부적, 내부적으로 상해를 입어서, 본 소송에 대하여 사법 관할 권한을 가질 수 있었던 모든 하부 법정의 금전적인 사업 관할 권을 초과하는 금액의 손해 배상에 해당 된다.

### 피고에 반하는 소송 제4의 사유로서 및 사유를 위하여

95.     원고는 본 고소장에서 전적으로 명시된 바와 같이, 동일한 힘과 효력을 가지고, 상기 포함된 각각의 모든 진술 주장내용을 참조사항으로서, 반복, 재주장 진술 및 통합 반영 하는 바이다.

96.     이하 언급한 관련된 모든 기간 동안, 원고 리사 크루즈[Lisa Cruz]는 원고

Subscribed and sworn to before
me this ___ 1/ 8 ___ 20 _1 0_

Notary Public _____
**VICKI FARRON**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9, 2012**

레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]의 합법적인 부인이었으며, 그러한 이유로, 그의 함께 교류함, 서비스, 부부 생활 및 동반에 대한 정당한 권한을 가졌다.

97.   레이날도 토레즈 크루즈[Raynaldo Torrez Cruz]의 상기 상해의 원인으로, 원고 리사 크루즈[Lisa Cruz]는 그 녀의 남편에 의한 돌봄, 보호, 배려, 동반, 도움, 위안 및 함께 교류함의 권한을 거부당해 왔으며, 그녀 남편과의 부부 생활의 손실의 원인으로, 상기 원고는 본 소송에 대하여 사법 관할 권한을 가질 수 있었던 모든 하부 법정의 금전적인 사업 관할 권을 초과하는 금액의 손해를 입게 되었다.

98.   원고는 소송의 사유는 민사 절차 소송 규정[CPLR]의 조항 1602에 포함된 지정된 하나 이상의 예외 사례에 해당 된다.

그러한 이유로, 원고는 본 고소장에 의하여, 본 소송에 대하여 사법 관할 권한을 가질 수 있었던 모든 하부 법정의 금전적인 사업 관할 권을 초과하는 금액에 대한, 제 1, 2, 3, 그리고 4의 소송의 사유에 근거한, 원고에 반한 판결을 요청 하는 바이다. ; 본 소송의 비용과 지출 내용과 함께, 본 법정 정당하고 타당하다고 판단하는 기타, 심화 구제도 배상에 포함 된다.

일자: 2009년 12월 15일

_____[서명]_____
크레이그 에이. 쿠싱, 변호인[Craig A. Cushing, Esq.]
마틴, 하딩과 마조티 합동법률회사
[MARTIN, HARDING & MAZZOTTI LLP]
원고측 변호인
1222 트로이 쉬넥테이디 로드 [Troy-Schenectady Road]
사서함[P.O.Box] 15141
뉴욕주 알바니[Albany, New York] 12212-5141
(518) 862-1200

Subscribed and sworn to before
me this _____ 1/8 _____ 20 10

Notary Public _____

**VICKI FARRON**
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2012

STATE OF NEW YORK
SUPREME COURT                        COUNTY OF FRANKLIN

RAYNALDO TORREZ CRUZ and LISA CRUZ,

                                Plaintiffs,          **COMPLAINT**

        -against-                                    **INDEX NO.:**

KUMHO INDUSTRIAL CO., LTD.,                          2009-1667
KUMHO TIRE CO., LTD.,
KUMHO TIRE USA, INC.,
KUMHO DEVELOPMENT, INC., and
DACOTAH-WALSH TIRE INCORPORATED,

                                Defendants.

The plaintiffs, Raynaldo Torrez Cruz and Lisa Cruz, by and through their attorneys, Martin, Harding & Mazzotti, LLP, respectfully allege as follows:

1        At all times hereinafter mentioned, plaintiff Raynaldo Torrez Cruz was and still is a resident of the County of Franklin, State of New York.

2.       At all times hereinafter mentioned, plaintiff Lisa Cruz was and still is a resident of the County of Franklin, State of New York.

3.       Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. was and still is an entity duly organized and created under the laws of the country of South Korea with its principal place of business in Najoo-Si, Jeollanam-Do, South Korea.

4.       Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. was and still is in the business of designing tires.

5.       Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. was and still is in the business of manufacturing tires.



ORIGINAL WAS FILED OR RECORDED

COPY

FILED
DEC 16 2009
FRANKLIN COUNTY
CLERK'S OFFICE

6.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. was and still is in the business of selling, distributing and/or supplying tires to various locations including locations within the State of New York.

7.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. was and still is in the business of advertising, marketing and/or promoting tires for sale to various locations including locations within the State of New York.

8.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. was and still is a foreign corporation doing business in the State of New York.

9.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. committed a tortious act outside the State of New York causing injuries to plaintiff within New York State as set forth herein.

10.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. regularly did and still does conduct or solicit business or engage in a persistent course of conduct in the State of New York.

11.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. derived and still derives substantial revenue from goods used or consumed or services rendered in the State of New York.

12.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. regularly engaged in a persistent course of conduct and derived substantial revenue from the goods used, consumed or provided or services rendered in the State of New York and expected or should reasonably have expected its tortious conduct to have consequences in the State of New York.

13.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. derived and still derives substantial revenue from interstate or international commerce.

14.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd.'s acts had consequences in the State of New York.

15.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd. is an entity duly organized and created under the laws of the country of South Korea with its principal place of business in Kwangju, South Korea.

16.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd. was and still is in the business of designing tires.

17.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd. was and still is in the business of manufacturing tires.

18.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd. was and still is in the business of selling, distributing and/or supplying tires to various locations including locations within the State of New York.

19.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd. was and still is in the business of advertising, marketing and/or promoting tires for sale to various locations including locations within the State of New York.

20.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd. was and still is a foreign corporation doing business in the State of New York.

21.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd. committed a tortious act outside the State of New York causing injuries to plaintiff within New York State as set forth herein.

22.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd. regularly did and still does conduct or solicit business or engage in a persistent course of conduct in the State of New York.

23.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd. derived and still derives substantial revenue from goods used or consumed or services rendered in the State of New York.

24.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd. regularly engaged in a persistent course of conduct and derived substantial revenue from the goods used, consumed or provided or services rendered in the State of New York and expected or should reasonably have expected its tortious conduct to have consequences in the State of New York.

25.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd. derived and still derives substantial revenue from interstate or international commerce.

26.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire Co., Ltd's acts had consequences in the State of New York.

27.     Upon information and belief, defendant Kumho Tire Co., Ltd. changed its name to Kumho Industrial Co., Ltd.

28.     Upon information and belief, defendant Kumho Tire Co., Ltd. merged, and/or consolidated with Kumho Industrial Co., Ltd.

29.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Industrial Co., Ltd. was formerly known as Kumho Tire Co., Ltd.

30.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire USA, Inc., was and still is a foreign business corporation duly organized and

existing under the laws of the State of California and is licensed to conduct business in the State of New York with its principal place of business in Rancho Cucamonga, California.

31.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire USA, Inc., was and still is in the business of designing tires.

32.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire USA, Inc. was and still is in the business of manufacturing tires.

33.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire USA, Inc. was and still is in the business of selling, distributing and/or supplying tires to various locations including locations within the State of New York.

34.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Tire USA, Inc. was and still is in the business of advertising, marketing and/or promoting tires for sale to various locations including locations within the State of New York.

35.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Development, Inc. was and still is a domestic business corporation duly organized and created under the laws of the State of New York, with its principal place of business in New York, New York.

36.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Development, Inc., was and still is in the business of designing tires.

37.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Development, Inc. was and still is in the business of manufacturing tires.

38.     Upon information and belief, at all times hereinafter mentioned, defendant Kumho Development, Inc. was and still is in the business of selling, distributing and/or supplying tires to various locations including locations within the State of New York.

39.    Upon information and belief, at all times hereinafter mentioned, defendant Kumho Development, Inc. was and still is in the business of advertising, marketing and/or promoting tires for sale to various locations including locations within the State of New York.

40.    Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated was and still is a foreign corporation organized pursuant to the laws of the State of Minnesota, with its principle place of business located in the City of Chanhassen, State of Minnesota.

41.    Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated was and still is in the business of designing tires.

42.    Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated was and still is in the business of manufacturing tires.

43.    Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated was and still is in the business of selling, distributing and/or supplying tires to various locations including locations within the State of New York.

44.    Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated was and still is in the business of advertising, marketing and/or promoting tires for sale to various locations including locations within the State of New York.

45.    Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated was and still is a foreign corporation doing business in the State of New York.

46.    Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated committed a tortious act outside the State of New York causing injuries to plaintiff within New York State as set forth herein.

47.     Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated regularly did and still does conduct or solicit business or engage in a persistent course of conduct in the State of New York.

48.     Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated derived and still derives substantial revenue from goods used or consumed or services rendered in the State of New York.

49.     Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated regularly engaged in a persistent course of conduct and derived substantial revenue from the goods used, consumed or provided or services rendered in the State of New York and expected or should reasonably have expected its tortious conduct to have consequences in the State of New York.

50.     Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated derives and still derives substantial revenue from interstate or international commerce.

51.     Upon information and belief, at all times hereinafter mentioned, defendant Dacotah-Walsh Tire Incorporated's acts had consequences in the State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS

52.     Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained above with the same force and effect as if fully set forth herein.

53.     That upon information and belief, at all times relevant, defendants were engaged in the business of designing, manufacturing, advertising, marketing and the selling, distributing or supplying of tires.

54.     Upon information and belief, at all times relevant, defendants did design tires.

55.    Upon information and belief, at all times relevant, defendants did manufacture tires.

56.    Upon information and belief, at all times relevant, defendants did distribute tires.

57.    Upon information and belief, at all times relevant, defendants did advertise tires.

58.    Upon information and belief, at all times relevant, defendants did market tires.

59.    Upon information and belief, at all times relevant, defendants did sell, distribute, lease, supply and/or rent tires.

60.    Upon information and belief, at all times relevant, defendants designed, manufactured, advertised, marketed, distributed and/or sold a certain tire identified as a Kumho power fleet tire with specifications and/or measurements of 425/65 r 22.5.

61.    Upon information and belief, at all times relevant, defendants did design, manufacture, advertise, market, distribute and/or sell the above-described tire.

62.    Upon information and belief, prior to June 15, 2009, the defendant's tire was purchased by Dick Glode Construction, LLC from defendant Dacotah-Walsh Tire Incorporated.

63.    Upon information and belief, at all times hereinafter mentioned, Dick Glode Construction, LLC owned a 2005 Mack dump truck bearing New York State license plate number 69335JS.

64.    Upon information and belief, at all times hereinafter mentioned, the above-referenced tire was placed, set and/or mounted on the front passenger's side wheel of the 2005 Mack dump truck.

65.    That at all times relevant herein, plaintiff Raynaldo Torrez Cruz was an employee of Dick Glode Construction, LLC.

66. That on June 15, 2009, plaintiff Raynaldo Torrez Cruz was operating the above-referenced 2005 Mack dump truck while in the course of his employment with Dick Glode Construction, LLC.

67. That at the aforementioned time and place, plaintiff Raynaldo Torrez Cruz was proceeding northbound in the 2005 Mack Dump Truck on I-87, approximately three-quarters of a mile north of the Exit 37 ramp, in the Town of Plattsburgh, County of Clinton and State of New York.

68. That at the aforementioned time and place, plaintiff Raynaldo Cruz, while driving the said 2005 Mack Dump Truck, experienced a sudden and unexpected blow out of the front passenger tire causing a loss of control of his vehicle, causing the dump truck to drive off the road, hit a tree and catch fire, thereby causing plaintiff to suffer severe personal injuries.

69. The aforesaid occurrence was caused by reason of the negligence and/or carelessness of the defendants in the design of said tire.

70. The aforesaid occurrence was caused by reason of the negligence and/or carelessness of the defendants in the manufacture of said tire.

71. The aforesaid occurrence was caused by reason of the negligence and/or carelessness of the defendants in failing to warn plaintiff of said tire's dangerous and defective condition.

72. The defendants breached their duty to the plaintiff in failing to use reasonable care in the design and manufacture of said tire, in failing to exercise reasonable care in the testing, maintaining, installing, repairing, servicing, controlling and inspecting of said tire; in failing to warn plaintiff of said tire's dangerous and defective condition; in failing to take those precautions necessary to avert, avoid and eliminate the dangerous, defective and hazardous condition which caused injury to the plaintiff; in causing, permitting, allowing and/or

acquiescing in the occurrence of said incident; and in failing to discover that said tire was in a dangerous and defective condition.

73.     Upon information and belief, at all times herein mentioned, defendants had actual and/or constructive notice and knowledge that the said tire was not reasonably safe to be used for its intended purpose and in the manner intended and that it was defective in design.  In the exercise of reasonable care, the defendants should have had notice and knowledge of such defect.

74.     That defendants failed to warn of the dangers of the tire of which it knew or should have known at the time of its sale of the same, and failed to warn of the dangers of the tire which it learned or should have learned subsequent to the sale of the same and prior to the date of the subject incident.

75.     As a result of defendants' negligence and/or by virtue of the defendants' failure to meet its continuing duty to warn of the dangers of the tire, plaintiff Raynaldo Torrez Cruz has suffered severe, permanent personal injuries.

76.     By reason of the foregoing, plaintiff Raynaldo Torrez Cruz sustained great bodily injury, so that he became sore, wounded and disabled; has been prevented from attending to his usual duties; has suffered pain; and that the plaintiff has been injured permanently, externally, internally and otherwise, all to his damage in a sum in excess of the monetary jurisdiction of all lower courts that would otherwise have jurisdiction over this action.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS

77.     Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained above with the same force and effect as if fully set forth herein.

78.     The defendants did manufacture the tire in question and its component parts, and said tire was defectively designed, manufactured and not reasonably safe.

79.    That as a direct and proximate result of the defective condition, nature, design, construction, manufacture and not reasonably safe character of the said tire, the plaintiff Raynaldo Torrez Cruz was caused to suffer severe, painful and permanent injuries.

80.    That at all times relevant, the tire was in the same defective condition and was not reasonably safe for its intended and/or foreseeable use.

81.    Upon information and belief, said tire was in substantially the same condition on the date of the incident as it was when it was placed upon the market and sold by the defendants their agents, servants and/or employees.

82.    That at the time of the subject incident, the tire was being used for a purpose and in a manner for which it was intended and/or foreseeable.

83.    That defendants failed to warn of the dangers of the tire which were present at the time of the design and manufacture of the same and/or of which the defendants became aware after the sale of same and prior to the date of the subject incident.

84.    That as a direct and proximate result of the defective condition, nature, design, construction and not reasonably safe character of said tire and/or by virtue of the failure of the defendants to warn of the unsafe condition thereof, plaintiff Raynaldo Torrez Cruz was caused to suffer severe, painful and permanent injuries.

85.    That at all times hereinafter mentioned, the plaintiff Raynaldo Torrez Cruz, could not have averted the injuries which he sustained.

86.    That the defendants are liable by virtue of the defective design, manufacture and/or failure to warn of the unsafe condition of said tire.

87.    That at all times hereinafter mentioned, the defendants are liable to the plaintiff under the doctrine of strict products liability.

88.    By reason of the foregoing, plaintiff Raynaldo Torrez Cruz sustained great bodily injury, so that he became sore, wounded and disabled; has been prevented from attending to his usual duties; has suffered pain; and that the plaintiff has been injured permanently, externally, internally and otherwise, all to his damage in a sum in excess of the monetary jurisdiction of all lower courts that would otherwise have jurisdiction over this action.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS

89.    Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained above with the same force and effect as if fully set forth herein.

90.    That prior to the sale of said tire by the defendants, the defendants expressly and impliedly warranted that the product was of merchantable quality, reasonably fit, safe and suitable for the purpose for which it was designed, manufactured, constructed, assembled, equipped, sold, distributed and intended.

91.    Upon information and belief, at all times hereinafter mentioned, defendants expressly and/or impliedly, through its officers, agents, servants and/or employees warranted to the general public, and to the plaintiff herein, that the said tire, was safe for its intended and/or foreseeable use.

92.    Upon information and belief, defendants, through their officers, agents, servants and/or employees, breached their warranty in that said tire, in the design and construction thereof, was not fit for the purpose for which it was intended, was not of marketable quality, was unsafe for use, was of unsafe design and dangerous, and contained latent defects.

93.    That on or about June 15, 2009, the said tire was being used for its intended purpose and in the manner in which it was intended to be used and operated, when it caused the plaintiff Raynaldo Torrez Cruz to suffer severe and permanent personal injuries.

94.     By reason of the foregoing, plaintiff Raynaldo Torrez Cruz sustained great bodily injury, so that he became sore, wounded and disabled; has been prevented from attending to his usual duties; has suffered pain; and that the plaintiff has been injured permanently, externally, internally and otherwise, all to his damage in a sum in excess of the monetary jurisdiction of all lower courts that would otherwise have jurisdiction over this action.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS

95.     Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained above with the same force and effect as if fully set forth herein.

96.     That at all times hereinafter relevant, plaintiff, Lisa Cruz was the lawful wife of plaintiff, Raynaldo Torrez Cruz and as such, was entitled to his society, services, consortium and companionship.

97.     By reason of said injuries to Raynaldo Torrez Cruz, plaintiff Lisa Cruz has been denied the care, protection, consideration, companionship, aid, solace and society of her husband, and that by reason of the foregoing loss of her husband's consortium, said plaintiff has been damaged in a sum in excess of the monetary jurisdiction of all lower courts which would otherwise have jurisdiction over this action.

98.     Plaintiffs' causes of action fall within one or more of the enumerated exceptions contained in Section 1602 of the CPLR.

**WHEREFORE**, plaintiffs hereby demands judgment against the defendants on the First, Second, Third and Fourth Causes of Action, in a sum in excess of the monetary jurisdiction of all lower courts that would otherwise have jurisdiction over this action; together with the costs and disbursements of this action, and such other and further relief as to this Court deems just and proper.

Dated: December 15, 2009

By: _____

Craig A. Cushing, Esq.
MARTIN, HARDING AND MAZZOTTI LLP
Attorneys for Plaintiffs
1222 Troy-Schenectady Road
P.O. Box 15141
Albany, New York 12212-5141
(518) 862-1200